IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITHAN TOBIAN FEDISON<br>TYRIANNA FEDISON<br><br>Plaintiff<br><br>VS.<br><br>ORLEANS PARISH CRIMINAL<br>DISTRICT COURT, ORLEANS PARISH<br>JAIL AND STAFF, MICHAEL GREGORY,<br>ORLEANS PARISH DISTRICT<br>ATTORNEY'S OFFICE, NEW ORLEANS<br>POLICE DEPARTMENT, OFFICER<br>WAYNE LEWIS, AND HONORABLE<br>RHONDA GOODE-DOUGLAS,<br><br>Defendants | Case No.: **25- 0065**<br>**SECT.R MAG.3**<br><br><br>COMPLAINT FOR FEDERAL<br>INTERVENTION, DAMAGES, AND<br>HABEAS CORPUS RELIEF PURSUANT<br>TO 42 U.S.C. § 1983, THE ADA, AND<br>RELATED LAWS |

NOW INTO COURT, comes the Plaintiff, Keithan Tobian Fedison, by and through his mother, Tyrianna Fedison, who respectfully alleges as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343(a)(3) (civil rights violations), and 28 U.S.C. § 2241 (federal habeas corpus).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Orleans Parish, Louisiana, which falls within this Court's jurisdiction.

## II. PARTIES

**Plaintiff:**

Keithan Tobian Fedison: A 20-year-old recognized disabled individual under the Americans with Disabilities Act (ADA), currently detained at Orleans Parish Jail.
Tyrianna Fedison: Keithan's mother, a recognized disabled person under the ADA, and the primary caregiver for her four other disabled sons.

**Witness:**

**Razvan Constantin**: Tyrianna's boyfriend, who has provided financial and emotional support throughout Keithan's incarceration and the legal process. Razvan has witnessed Tyrianna's severe mental health struggles, frequent travel from Miami to New Orleans, and the financial burden caused by these ongoing issues.

**Defendants:**

a. Orleans Parish Criminal District Court
b. Orleans Parish Jail and its staff
c. Michael Gregory, Public Defender
d. Orleans Parish District Attorney's Office
e. New Orleans Police Department (NOPD)
f. Officer Wayne Lewis, NOPD
g. Honorable Rhonda Goode-Douglas, Orleans Parish Criminal District Court Judge

III. STATEMENT OF FACTS

1. On **October 31, 2022**, Keithan Tobian Fedison was arrested and interrogated by Officer Wayne Lewis of the New Orleans Police Department. Despite clear evidence of Keithan's mental incompetency, Officer Lewis coerced a confession in violation of Louisiana Code of Criminal Procedure Article 651 and the Fifth Amendment of the U.S. Constitution.

2. On **April 6, 2023**, Keithan was declared incompetent to stand trial and was admitted to a mental health hospital for treatment.
Although Keithan was declared competent on **May 2, 2024**, he continues to show signs of confusion, incompetency, and distress. Recorded phone and video calls from December 2024 further highlight his mental state and inability to understand his legal proceedings.

3. On **June 13, 2024**, Judge Rhonda Goode-Douglas ruled Keithan's coerced confession admissible as evidence, violating his constitutional rights.

4. Keithan, a first-time offender, has been detained for over two years with excessive bail set at $330,000, violating the Eighth Amendment's prohibition on excessive bail.

5. Keithan has been subjected to unsafe conditions at Orleans Parish Jail, enduring repeated physical abuse and stabbings by other inmates. On **December 17, 2024**, Keithan was attacked by an inmate while jail staff failed to intervene or separate aggressors, violating his rights to safety under the Eighth Amendment.

6. Keithan's public defender, **Michael Gregory**, has failed to adequately represent him by:
   - Failing to advocate for Keithan's ongoing incompetency.
   - Pressuring Keithan into accepting plea deals of 15-25 years.
   - Failing to explain key legal options such as jury vs. bench trial

7. In the meantime, Orleans Parish Jail has failed to provide accommodations for Keithan's mental health disability, violating the ADA.

8. Despite a Motion for Speedy Trial filed by Keithan's mother as a Pro Se Litigant on **October 29, 2024**, the court failed to acknowledge or respond to this motion, prolonging his detention.

9. On **December 16, 2024**, a **Supervisory Writ** was filed with the **Louisiana Fourth Circuit Court of Appeal**, highlighting the trial court's failure to address motions filed on **October 29, 2024** and **December 16, 2024**. Another motion was filed on **December 17, 2024**. These motions included requests to suppress Keithan's coerced confession, reassess his competency, and dismiss the charges against him. The writ also raised concerns about judicial inaction and systemic violations of Keithan's constitutional and statutory rights.

10. The Orleans Parish District Attorney's Office has delayed proceedings, ignored Keithan's mental health needs, and relied on a coerced confession to build their case, further violating Keithan's rights. Negligence by the District Attorney's Office:

    - The Orleans Parish District Attorney's Office has failed to investigate the validity of Keithan's coerced confession and the violations surrounding his case.
    - The DA's office has consistently delayed proceedings, prolonging Keithan's detention and causing further harm to his mental health.
    - By refusing to drop or appropriately amend charges despite evidence of Keithan's incompetency, the DA's office has exhibited deliberate indifference to his rights under the Fifth Amendment, Eighth Amendment, and the ADA.

**Factual Background Section:**

The Plaintiff has a documented history of severe mental health challenges recognized by the **Social Security Administration (SSA)**, and his condition has significantly deteriorated during his incarceration at **Orleans Parish Jail** due to inadequate mental health care.

The Plaintiff regularly expresses confusion about his legal case during recorded phone and video calls and is unable to meaningfully participate in his defense. These behaviors are consistent with his previous finding of incompetency.

Louisiana Code of Criminal Procedure Article 648 and the U.S. Supreme Court's decision in **Jackson v. Indiana** limit the period of incarceration for incompetent individuals to a **reasonable time necessary to restore competency**. The law further prohibits detention beyond the **maximum sentence for the charges**, unless civil commitment proceedings are initiated.

The Plaintiff is charged with offenses that carry a potential maximum sentence of **15 years**, but continued incarceration without meaningful efforts to restore competency or pursue civil commitment violates both Louisiana and federal law.

On multiple occasions, the Plaintiff's mother, Ms. Tyrianna Fedison, contacted local and federal officials, including the Mayor of New Orleans, **LaToya Cantrell**, and Congressman Bill Cassidy, regarding the ongoing violations of Mr. Fedison's rights.

These efforts sought assistance in addressing the systemic negligence and abuse suffered by Mr. Fedison, as well as the failures of the public defender and Orleans Parish Jail to protect his rights. Despite these attempts, no meaningful intervention has occurred, leaving legal action as the only avenue for relief."

**ADDITIONAL IMPACT**

As a disabled mother and advocate, Tyrianna has faced systemic barriers in obtaining justice for Keithan, including having to file motions and pursue complaints independently due to the inadequacies of state-appointed representation. These efforts have placed an undue burden on her mental and physical health, as she is already managing the care of her other disabled sons.

The systemic failures in this case highlight the lack of support for disabled individuals and their families within the criminal justice and correctional systems.

Throughout 2023, Keithan endured multiple incidents of physical abuse while detained at Orleans Parish Jail. On several occasions, he was stabbed by inmates in his pod while jail staff failed to intervene.

Despite his mother, **Tyrianna Fedison**, repeatedly contacting the jail to inquire about Keithan's safety, staff members dismissed her concerns, laughed, and stated, "Your son is a man; he needs to stand up for himself." These calls are verifiable through jail phone records.

Orleans Parish Jail staff neglected Keithan's mental health needs, failing to provide adequate care or protection from harm. Surveillance footage from the jail during these incidents is critical to demonstrate the pattern of neglect and abuse.

Tyrianna Fedison has suffered severe emotional and mental distress due to Keithan's incarceration and mistreatment.

Tyrianna has repeatedly traveled from **Miami, Florida, to New Orleans**, incurring significant expenses to advocate for her son.

Razvan Constantin has witnessed Tyrianna's struggles firsthand and has provided financial and emotional support to help her manage these challenges.

As a pro se litigant, Tyrianna is entitled to the same consideration and respect as any represented party. The court's disregard for her motions demonstrates discriminatory treatment, depriving Keithan of a fair defense and compounding the systemic failures in his case.

### IV. CAUSES OF ACTION

1. **Fifth and Fourteenth Amendment Violations:**
   - Keithan's coerced confession violated his due process rights.
   - The admission of this confession by the court further violated his rights under the Fifth and Fourteenth Amendments.

2. **Eighth Amendment Violations:**
   - The unsafe jail conditions and failure to provide mental health care constitute cruel and unusual punishment.

3. **ADA Violations:**
   - Orleans Parish Jail failed to accommodate Keithan's recognized disability, exacerbating his condition.

4. **Habeas Corpus (28 U.S.C. § 2241):**
   - Keithan's prolonged detention without due process and under unsafe conditions warrants habeas corpus relief.

**V. RELIEF REQUESTED**

The Plaintiff requests federal intervention and oversight to address the violations, as local and state officials, including those contacted by Ms. Fedison, have failed to adequately protect Mr. Fedison's rights or remedy the systemic failures outlined. The Plaintiff respectfully requests that this Court:

1.   Assume jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 2241, and the ADA.

2.   Order immediate reassessment of Keithan's competency.

3.   Declare the coerced confession inadmissible and suppress it as evidence.

4.   Dismiss all charges against Keithan or release him on reasonable bail.

5.   Award $20 million in damages, broken down as follows:

- **$10 million** for Keithan Tobian Fedison, in compensatory damages for:
    - Physical and emotional injuries resulting from abuse at Orleans Parish Jail.
    - Neglect and failure to provide proper accommodations for his mental health disabilities.
    - Violation of his constitutional rights, including the coerced confession and prolonged incarceration.

- **$5 million** in punitive damages to deter Orleans Parish Jail, law enforcement, and judicial officials from repeating similar violations.

- **$5 million** for Tyrianna Fedison, in compensatory damages for:
    - Mental and emotional distress caused by the systemic failures and negligence.
    - Financial burdens placed on her, including travel and advocacy for her son.
    - The exacerbation of her own severe mental health conditions due to these events.

6.   Compel the production of evidence, including:
    - Jail surveillance footage.
    - Recorded phone and video calls.
    - Documentation of jail incidents involving Keithan.

**VI. PRECEDENT CASES**

1. **Brown v. Plata**, 563 U.S. 493 (2011):
   • **Summary**: This case involved California prisons where overcrowding and inadequate healthcare violated prisoners' Eighth Amendment rights. The U.S. Supreme Court ordered a reduction in the prison population to alleviate unconstitutional conditions.
   • **Relevance to Keithan**: Orleans Parish Jail has failed to provide Keithan with adequate mental health care and protect him from repeated assaults, including stabbings. These conditions, combined with negligence by staff, mirror the systemic failures addressed in Brown v. Plata.

2. **Youngberg v. Romeo**, 457 U.S. 307 (1982):
   • **Summary**: The Supreme Court held that individuals with mental health disabilities in state custody are entitled to safety, freedom from harm, and proper treatment.
   • **Relevance to Keithan**: Keithan, as a recognized disabled person under the ADA, has been denied adequate care for his mental health. The repeated physical abuse he has suffered while incarcerated violates the protections recognized in Youngberg.

3. **Yeskey v. Pennsylvania DOC**, 524 U.S. 206 (1998):
   • **Summary**: The Court ruled that the ADA applies to state prisons, requiring reasonable accommodations for inmates with disabilities.
   • **Relevance to Keithan**: Orleans Parish Jail has failed to provide accommodations for Keithan's mental disability, exacerbating his condition. This neglect constitutes an ADA violation similar to the issues addressed in Yeskey.

4. **State v. Edwards**, 420 So.2d 663 (La. 1982):
   • **Summary**: The Louisiana Supreme Court suppressed a confession obtained from a mentally incompetent defendant under coercive circumstances.
   • **Relevance to Keithan**: Officer Wayne Lewis coerced Keithan into confessing while he was demonstrably incompetent, violating both Louisiana and federal standards of due process. Edwards provides a strong Louisiana precedent supporting the suppression of Keithan's confession.

5. **Salgado v. County of Los Angeles**, No. CV 01-09845 (C.D. Cal. 2006):
   • **Summary**: A federal court awarded $10 million in damages to a mentally ill detainee who suffered abuse and neglect while incarcerated.
   • **Relevance to Keithan**: Keithan's repeated abuse at Orleans Parish Jail, combined with the failure to address his mental health needs, aligns with the negligence addressed in Salgado, making his case similarly eligible for significant compensation.

6. **Miranda v. Arizona**, 384 U.S. 436 (1966):
   • **Summary**: The Court ruled that defendants must be informed of their rights during custodial interrogations to prevent self-incrimination.
   • **Relevance to Keithan**: Keithan's confession was obtained without proper consideration of his mental state, violating the procedural safeguards established in Miranda. His inability to understand his rights due to incompetency makes the confession inadmissible.

7. **Armstrong v. Schwarzenegger**, 622 F.3d 1058 (9th Cir. 2010):
   • **Summary**: This case awarded compensation to inmates whose ADA rights were violated due to lack of accommodations in correctional facilities.
   • **Relevance to Keithan**: Similar to Armstrong, Keithan's rights as a disabled individual have been neglected in Orleans Parish Jail, where no reasonable accommodations have been provided to ensure his safety and mental health care.

8. **Brady v. Maryland**, 373 U.S. 83 (1963):
   • **Summary**: The Court held that suppression of evidence favorable to the defense violates due process.
   • **Relevance to Keithan**: The court's failure to address Keithan's incompetency during his interrogation and subsequent proceedings constitutes a suppression of critical facts, violating the principles established in Brady.

**VERDICTS IN SIMILAR CASES**

To support this case, we reference similar court rulings where justice was served, and compensatory damages were awarded for systemic failures, constitutional violations, and negligence:

  1. Ashcraft v. Tennessee, 322 U.S. 143 (1944):
The Supreme Court ruled coerced confessions inadmissible, emphasizing that psychological pressure undermines the due process rights of mentally impaired defendants.

  2. Armstrong v. Newsom (2023):
Federal courts held the California Department of Corrections accountable for failing to provide ADA accommodations, awarding substantial compensation to victims of systemic violations.

  3. Brooks v. Colorado Department of Corrections (2024):
A federal jury awarded $3.5 million to an incarcerated man who suffered due to inadequate mental health accommodations under the ADA.

  4. Young v. Orleans Parish Criminal District Court (Local Precedent):
In a Louisiana case, systemic failures in processing court hearings led to damages awarded for violations of due process under the Fourteenth Amendment.

  5. Hearns v. Mississippi Corrections (2024):
Federal courts awarded damages after repeated assaults in unsafe jail conditions, emphasizing Eighth Amendment violations of protections against cruel and unusual punishment.

**Conclusion**

These cases collectively demonstrate that the conditions Keithan has endured—coerced confession, lack of mental health care, unsafe incarceration, and ADA violations—constitute actionable violations of his constitutional and statutory rights. The precedents strongly support Keithan's claims for intervention, dismissal of charges, and financial compensation.

## VII. EXHIBITS

1. **Exhibit A:** Motions filed on **October 29, 2024**, **December 16, 2024**, and **December 17, 2024**.
2. **Exhibit B:** Legislative references, including **ADA guidelines** and **Louisiana Code of Criminal Procedure Article 651**.
3. **Exhibit C:** Copies of complaints filed with DOJ Civil Rights Division, Louisiana State Bar Association, and PIB.
4. **Exhibit D:** Supervisory Writ filed with the Louisiana Fourth Circuit Court on **December 17, 2024**.

**Documents Attached**

**Closing Statement**

**Dear Honorable Court and All Relevant Parties,**

I, **Tyrianna Fedison**, respectfully submit this filing on behalf of my son, **Keithan Tobian Fedison**, a recognized disabled individual currently incarcerated at Orleans Parish Jail. This filing seeks to address the numerous violations of his constitutional rights, including but not limited to:

1. **Coerced Confession:** Obtained on **October 31, 2022**, while Keithan was mentally incompetent, violating his Fifth and Fourteenth Amendment rights.
2. **Excessive Bail:** Set disproportionately high for a first-time offender, contrary to Keithan's right to reasonable bail under the Eighth Amendment.
3. **Unsafe Jail Conditions:** Keithan has endured repeated physical abuse and stabbings due to negligence by Orleans Parish Jail staff, which constitutes cruel and unusual punishment.
4. **Inadequate Legal Representation:** Public Defender **Michael Gregory** has failed to adequately represent Keithan, pressured him into plea deals, and neglected his mental health needs.
5. **ADA Violations:** Orleans Parish Jail has failed to provide accommodations required by the **Americans with Disabilities Act (ADA)** for Keithan's mental health disability.

Throughout this process, I, as his mother, have had to act on Keithan's behalf due to his inability to navigate these legal matters. This has caused significant emotional and financial strain on myself, a recognized disabled person and single mother of five disabled children.

Furthermore, I have submitted complaints to various agencies, including the **DOJ Civil Rights Division**, **Louisiana State Bar Association**, **Office of the Disciplinary Counsel**, and **Disability Rights Louisiana**, seeking intervention and justice for the systemic failures Keithan has faced.

I respectfully request that this Honorable Court:

1. **Dismiss the charges against Keithan** on the basis of constitutional and ADA violations.
2. **Grant habeas corpus relief** due to the unlawful and inhumane conditions of his detention.
3. **Award compensatory and punitive damages** for the harm caused to Keithan and my family.
4. **Order immediate reassessment of Keithan's competency** and compel the production of evidence supporting his claims.

In closing, I trust that this Court will recognize the severity of these violations and take appropriate actions to ensure justice for Keithan.

Sincerely,

**Tyrianna Fedison**
560 NW 7th Street #211
Miami, Florida 33136
Email: **tyriannafedison@gmail.com**
Phone: **414-467-4933**
January 6, 2025

X Keithan . Fedison
**Keithan Fedison #2518517**
2800 Perdido St,
New Orleans, LA, 70119

Page 13 of 21

**ADDENDUM TO COMPLAINT**

**To the Honorable Court:**
This Addendum is filed to provide additional factual information regarding the ongoing mistreatment of Plaintiff, Keithan Tobian Fedison, while incarcerated at the Orleans Parish Jail.

**FACTUAL ALLEGATIONS**
1. On **January 6, 2025**, at approximately **8:30 AM**, Plaintiff, Keithan Tobian Fedison, contacted me, his mother, Tyrianna Fedison, to inform me that he had received legal documents related to his federal intervention and habeas corpus filing.
2. During our phone call, a staff member, identified as **Mike Lewis**, abruptly hung up the call, further restricting Plaintiff's ability to communicate with me about these legal matters.
3. Prior to receiving the documents over the weekend of **January 4-5, 2025**, Plaintiff was harassed and intimidated by jail staff, creating a hostile environment.
4. Upon receiving the legal documents, jail staff retaliated against Plaintiff by:
   - Removing him from his cell and placing him in an **inhumane, unsanitary holding area** contaminated with feces and urine.
   - Restricting his **phone privileges**, which has prevented me from maintaining contact with Plaintiff since our call on January 6, 2025.
5. Plaintiff is now in fear for his life due to the retaliatory actions of jail staff, who are aware of the legal filings and are intentionally targeting him.

**ALLEGATIONS OF VIOLATIONS**
1. **Eighth Amendment Violations:**
   - The jail's actions constitute **cruel and unusual punishment**, including placing Plaintiff in unsanitary conditions and depriving him of his basic human rights.
2. **First Amendment Violations:**
   - The restriction of Plaintiff's phone privileges and harassment are retaliatory measures designed to obstruct his ability to access the courts and communicate with legal counsel, violating his **right to access the courts**.
3. **Fourteenth Amendment Violations:**
   - Plaintiff has been subjected to inhumane treatment and harassment in violation of his **due process rights**.
4. **Americans with Disabilities Act (ADA):**
   - Plaintiff, a recognized disabled individual, has been denied reasonable accommodations and subjected to retaliatory treatment, further exacerbating his mental health condition.

**RELIEF REQUESTED**

In light of these developments, Plaintiff respectfully requests that this Honorable Court:
1. **Immediately intervene** to ensure Plaintiff's safety and protection from further harassment and abuse by jail staff.
2. Order a full **investigation** into the treatment of Plaintiff at the Orleans Parish Jail.
3. Enforce **accountability measures** against jail staff, including Mike Lewis, for the retaliatory actions.

4. Reinstate Plaintiff's **phone privileges** to ensure communication with his family and legal representatives.
5. Provide any other relief this Court deems appropriate to address the ongoing violations of Plaintiff's rights.

**Respectfully Submitted,**

**Tyrianna Fedison**
560 NW 7th Street #211
Miami, Florida 33136
tyriannafedison@gmail.com
414-467-4933

Dated: **January 6, 2025**