UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITHAN T. FEDISON, #2518517<br>TYRIANNA FEDISON | CIVIL ACTION |
| VERSUS | NO. 25-65 |
| ORLEANS PARISH CRIMINAL<br>DISTRICT COURT, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiffs, Keithan T. Fedison, a pretrial detainee in the Orleans Justice Center, and his mother, Tyrianna Fedison, filed this pro se civil action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, against the Orleans Parish Criminal District Court, the Orleans Parish Jail and Staff, Michael Gregory, the Orleans Parish District Attorney's Office, the New Orleans Police Department, Officer Wayne Lewis, and the Honorable Rhonda Goode-Douglas.  On March 12, 2025, Magistrate Judge Eva J. Dossier issued a Report and Recommendation ("R&R").  A party has 14 days to object to a magistrate judge's report and recommendation after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  Tyrianna Fedison's objection was not filed until May 20, 2025.[1]  It is therefore untimely.  Keithan Fedison did not file an objection.

---

[1]  R. Doc. 17.  Additionally, Plaintiff Tyrianna Fedison filed an updated response to the Report and Recommendation, R. Doc. 11.  The filing

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Therefore, the Court need only review for clear error. Even if Ms. Fedison's objections were timely, the Court need only review *de novo* the parts of the R&R to which plaintiff objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (holding that *de novo* determination requires "the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made[, which] is not satisfied by a mere review of the magistrate's report itself"). The Court considers Ms. Fedison's untimely objections below.

First, Ms. Fedison objects to the recommendation that the claims against jail staff and public officials be dismissed with prejudice.[2] She argues that the recommendation fails to consider that her son is legally incompetent

---

does not contain objections but, even if it were to be construed as an objection, it would also be untimely as it was filed on May 2, 2025.

[2] R. Doc. 17 at 2.

and unable to litigate pro se.[3] To the extent this argument applies to Ms. Fedison's own claims, the objection does not address the proposed findings of the R&R.[4]

Second, Ms. Fedison objects to the dismissal of her standing as next friend, arguing Magistrate Judge Dossier failed to address actions she had already taken to show active care and establish standing.[5] Ms. Fedison additionally moved for formal next-friend status.[6] The information included in Ms. Fedison's objection is insufficient to establish next-friend status. There was no error in Magistrate Judge Dossier's decision.

Third, Ms. Fedison next argues that new evidence justifies amending the complaint.[7] Objections to a R&R are not the proper place to raise new evidence not presented to the magistrate judge. *Cupit v. Whitley*, 28 F.3d

---

[3]  *Id.* Ms. Fedison has since acknowledged that Judge Rhonda Goode Douglas, Orleans Parish District Attorney's Office, and Michael Gregory are entitled to immunity. R. Doc. 15.

[4]  The Court notes that the objection does not address the proposed findings of the R&R as they relate to her son's claims, which she has not yet shown she has standing to bring.

[5]  R. Doc. 17 at 2.

[6]  *Id.* Magistrate Judge Dossier has since denied without prejudice Tyrianna Fedison's motion for formal next-friend status, finding that it is not clear that Ms. Fedison can meet her burden of establishing that her son is unable to litigate his own cause. R. Doc. 19. Magistrate Judge Dossier additionally held that Ms. Fedison cannot proceed *pro se* as a next friend. R. Doc. 19.

[7]  R. Doc. 17 at 2.

532, 535 n.5 (5th Cir. 1994). The Court will construe this as a motion for leave to amend. To the extent that Ms. Fedison intends to amend the complaint on her own behalf, it would be futile as her claim is based on the alleged violation of her son's constitutional rights rather than her own rights.[8] To the extent she intends to amend the complaint on behalf of her son, she has not yet established next-friend status. No amendment is allowed.

The Court, having reviewed the R&R and record de novo as to the parts that Ms. Fedison objected, finds the R&R without error. As to the remainder of the R&R, the Court finds there is no clear error. Accordingly, the Court adopts Magistrate Judge Dossier's R&R as its opinion.

---

[8]  In the intervening time between Magistrate Judge Dossier's R&R and this Court's order adopting it, Ms. Fedison filed a motion to amend the complaint and commence discovery, R. Doc. 16, which Magistrate Judge Dossier has denied for the same reason as provided above, R. Doc. 20.

The Court ORDERS Tyrianna Fedison's claims against the Orleans Parish Criminal District Court, Orleans Parish Jail and Staff, Michael Gregory, Orleans Parish District Attorney's Office, New Orleans Police Department, Officer Wayne Lewis, and the Honorable Rhonda Goode-Douglas DISMISSED WITH PREJUDICE.

The Court ORDERS Keithan Fedison's claims against the Orleans Parish Criminal District Court, Orleans Parish Jail and "Jail Staff," Michael Gregory, Orleans Parish District Attorney's Office, New Orleans Police Department, and the Honorable Rhonda Goode-Douglas be DISMISSED WITH PREJUDICE.

The Court ORDERS Keithan Fedison to amend his complaint by properly identifying by name the individual staff members who allegedly failed to protect him, were deliberately indifferent to his serious medical needs, and violated his rights under the ADA and § 1983 by August 7, 2025.

The Court ORDERS Keithan Fedison's claims against defendant Officer Wayne Lewis STAYED pending resolution of the related state criminal charges against him. Mr. Fedison MUST move the Court to lift the stay of his claims against Officer Wayne Lewis within 14 days of the resolution of his related state criminal charges should he want to pursue those claims in this Court.

The Court ORDERS Tyrianna Fedison to file a new motion requesting next-friend status with updated documents from Keithan Fedison's competency evaluations by August 7, 2025.

New Orleans, Louisiana, this __25th__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE