UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITHAN T. FEDISON,** **TYRIANNA FEDISON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-65** |
| **ORLEANS PARISH CRIMINAL DISTRICT COURT, ET AL.** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

Plaintiffs, Keithan T. Fedison, a pretrial detainee in the Orleans Justice Center, and his mother, Tyrianna Fedison, initially filed this *pro se* civil action under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, against the Orleans Parish Criminal District Court, the Orleans Parish Jail and Staff, Michael Gregory, the Orleans Parish District Attorney's Office, the New Orleans Police Department, Officer Wayne Lewis, and the Honorable Rhonda Goode-Douglas. While Mr. Fedison signed the complaint and his pauper application,[1] Ms. Fedison claimed that he was unable to understand legal proceedings.[2]

The undersigned issued a Report and Recommendation recommending that certain claims, including the entirety of Ms. Fedison's claims, be dismissed and that Mr. Fedison be allowed leave to amend.[3] While that report and recommendation was

---

[1] R. Doc. 1 at 12; R. Doc. 2 at 2.
[2] *Id.* at 3.
[3] R. Doc. 10.

pending, on May 2, 2025, Ms. Fedison filed a "First Amended Complaint," on behalf of herself and Mr. Fedison, naming as defendants Sheriff Susan Hutson, in her official capacity, and John Doe Deputies and Supervisors.[4]

According to the allegations in the amended complaint, just two days earlier, on April 30, 2025, and as a result of the defendants' deliberate indifference to Mr. Fedison's safety, he was attacked and stabbed by other inmates.[5] Ms. Fedison claims that John Doe Deputies forcibly moved Mr. Fedison into a dangerous pod despite warnings that Mr. Fedison feared he would be attacked.[6] Ms. Fedison further claims that Sheriff Hutson failed to implement policies ensuring inmate safety.[7] She also asserts that the defendants were negligent under state law.[8] Ms. Fedison claims that she personally has suffered emotional distress and mental anguish as a result of the defendants' actions towards her son.[9]

Days later, Ms. Fedison filed a "Supplemental Response, Amendment of Complaint, and Request for Injunctive Relief."[10] Therein, Ms. Fedison additionally

---

[4] R. Doc. 12. Mr. Fedison did not sign the amended complaint, R. Doc. 12 at 5, and nothing in the record suggests that he is aware the document was filed on his behalf. Also, Mr. Fedison could not possibly have exhausted the two-step administrative remedy procedure at the jail prior to Ms. Fedison filing the amended complaint just two days after the incident. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

[5] *Id.* at 1, 3.

[6] *Id.* at 1–4.

[7] *Id.* at 2, 4.

[8] *Id.* at 4.

[9] *Id.*

[10] R. Doc. 15. Like the amended complaint, Mr. Fedison did not sign this document nor is there anything in the record suggesting he was aware it was filed on his behalf. R. Doc. 12 at 5.

claimed that: (1) Hutson failed to supervise, train and protect inmates; (2) SRT Patoon and SRT Clark placed Mr. Fedison in the pod despite the warnings of danger; (3) Deputy Michael Lewis's issuance of a disciplinary action against Mr. Fedison prior to the April 30, 2025 stabbing "exacerbate[ed] his vulnerability;" (4) Jail Operations Supervisor Antonio Giovingo failure to protect Mr. Fedison through proper housing and security measures; (5) Disciplinary Officer Debra Hammond processed and approved disciplinary actions against Mr. Fedison, worsening his exposure to harm; (6) Officer Wayne Lewis's role in the criminal investigation and arrest of Mr. Fedison contributed to the ongoing violations of Mr. Fedison's constitutional rights; and (7) Orleans Parish Sheriff's Office Staff ignored documented warnings of imminent harm.[11]

Ms. Fedison then filed a motion to proceed as next friend to represent Mr. Fedison in this litigation.[12] That request was denied without prejudice to re-urge the motion should Ms. Fedison retain counsel of record.[13]

The District Judge adopted the Report and Recommendation, denied Ms. Fedison leave to amend the complaint on her own behalf as futile, and denied her leave to amend the complaint on behalf of Mr. Fedison as she had not established next friend status.[14] Mr. Fedison's claims against defendant Officer Wayne Lewis that he coerced him to confess were stayed pending resolution of the related state

---

[11] *Id.* at 3.
[12] R. Doc. 18.
[13] R. Doc. 19.
[14] R. Doc. 21.

criminal charges against him.[15] Mr. Fedison was ordered to file an amended complaint properly identifying the individual staff members who allegedly failed to protect him, were deliberately indifferent to his serious medical needs, and violated his rights under the ADA and § 1983, by August 7, 2025.[16]

Mr. Fedison did not file an amended complaint; instead Ms. Fedison filed another motion to proceed as next friend, for appointment of counsel, and for extension of time to file an amended complaint.[17] The Court denied the motion, ordered that Ms. Fedison is not permitted to submit further filings on behalf of Mr. Fedison, and gave Mr. Fedison a final opportunity to file an amended complaint by September 12, 2025.[18] To date, Mr. Fedison has not filed an amended complaint or any other request for relief.

## I.    Mandatory Screening Provisions

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. 1915(e)(2) thus directs, in relevant part, that courts "**shall dismiss** [an *in forma pauperis* plaintiff's] case **at any time**" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

---

[15] *Id.* at 5.
[16] *Id.*
[17] R. Doc. 22. Neither Ms. Fedison nor Mr. Fedison signed the motion. *Id.* at 4–5.
[18] R. Doc. 23.

In addition, because Mr. Fedison is incarcerated, he is subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

II. **Analysis**

Ms. Fedison filed the amended complaint and addendum under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).

As they were previously, Ms. Fedison's claims are based upon alleged violations of Mr. Fedison's constitutional rights rather than her own rights. The law does not recognize this cause of action. Rather, to claim a violation of her constitutional rights under § 1983, a plaintiff is required to "to prove some violation of [her] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986); *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011) (prisoner lacked standing to bring claims regarding the alleged illegal confinement of other prisoners); *cf. Barker v. Halliburton Co.*, 645 F.3d 297, 300 (5th Cir. 2011) ("A third party may not assert a civil rights claim based on the civil rights violations of another individual."). "The Fifth Circuit does not recognize a claim by a family member under section § 1983 for the death or injury of another allegedly caused by state action." *Macias v. Dewitt Cty. Texas*, No. 2:23-CV-00043, 2023 WL 11053038, 6 (S.D. Tex. Dec. 15, 2023), *adopted as modified in irrelevant part*, 2024 WL 1174178 (S.D. Tex. March 18, 2024); *see also John v. Police Dep't City of Ville Platte*, No. 10-01755, 2013 WL

6

786765, at *3 (W.D. La. March 1, 2013) (dismissing husband's § 1983 claims based on his wife's interaction with police).

Accordingly, Fedison's claims in the amended complaint and addendum must be dismissed.

While Ms. Fedison also attempts to bring claims on behalf of her son, the Court has twice ruled that she cannot represent Mr. Fedison as next friend unless she obtains counsel of record and is granted next friend status.[19] Ms. Fedison still has not established that Mr. Fedison is unable to litigate his own cause nor may she proceed as next friend without an attorney. As Ms. Fedison has no authority to file an amended complaint or any other paper on Mr. Fedison's behalf, the amended complaint and addendum as they relate to Mr. Fedison should be stricken from the record as improperly filed.

Finally, Mr. Fedison has been given several opportunities to file an amended complaint on his own behalf.[20] Mr. Fedison has not filed an amended complaint. The only defendant remaining in this case is Wayne Lewis, and the claims against him are currently stayed pending resolution of Mr. Fedison's related state criminal charges against him.[21] Accordingly, this case should be administratively closed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Ms. Fedison's § 1983 claims against defendants Hudson and John Doe Deputies and Supervisors be **DISMISSED WITH**

---

[19] R. Docs. 19 and 23.
[20] R. Doc. 21 and 23.
[21] R. Doc. 21 at 5.

7

PREJUDICE.

**IT IS FURTHER RECOMMENDED** that the amended complaint[22] and the addendum[23] as they relate to Mr. Fedison be **STRICKEN** from the record as improperly filed.

**IT IS FURTHER RECOMMENDED** that this case be **ADMINISTRATIVELY CLOSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds*.

New Orleans, this 26th day of September, 2025.

EVA J. DOSSIER
**UNITED STATES MAGISTRATE JUDGE**

---

[22] R. Doc. 12.
[23] R. Doc. 15.